## NED GAITER v THE STATE.

In criminal cases the record should show distinctly, leaving as little as possible to inference or presumption, all the proceedings in the several stages of the prosecution, trial, and sentence.

The record in a capital case being silent as to all the intermediate dates between the 9th and 24th of the month, at one term; and between the 14th of one month and 5th of the next, at another; and failing to show distinctly that the grand jury was organized; or that the grand jury presented the indictment; or that the prisoner was present in proper person at the trial; or that, after being found guilty of murder, was asked if he had anything to say why sentence of death should not be pronounced against him, is so defective as to vitiate a conviction and entitle the prisoner to a new trial.

Error to Warren criminal court. OSGOOD, J.

The facts appear in the opinion of the court.

*Smith & Clifton* and *White & Farish*, for plaintiff in error,

Cited 3 How. 27; 25 Miss., 589; 2 Ga., 421; 26 Miss., 362; 44 Miss., —; ib., —; 1 Bish. Cr. Pr., 684; 8 S. & M., 722; 6 Barr, 384; 9 Leigh, 623; 4 Bl. Com., 375; 1 Chitty's Cr. L., 699–701, 720; Archb. Cr. Pr., 180; 1 Bish. Cr. Pr., 865; 3 Mod., 265; 2 Zab., 212; 4 ib., 455; 4 Harris, 129; 1 Parker Cr. R., 474; 43 Ala., 21–53. And argued the same points presented in the opinion of the court.

*J. S. Morris*, attorney-general.

As to the organization of the grand jury, see Rev. Code, p. 499, art. 131; ib., p. 613, art. 250; Easterling v. State, 35 Miss., 210.

There is a recital in the record, that "the grand jury were empaneled and sworn." Frank v. State, 39 Miss., 705; 9 Ga. R., 58; Terrell v. State, Whar. Am. Cr. L. (6th ed.), §§ 3043 –4–5.

The issue was sufficiently joined by the plea of not guilty. Whar. Am. Cr. Law (6th ed.), § 530; United States v. Gilbert, 2 Sumner, 20.

TARBELL, J.:

The plaintiff in error, having been tried in the criminal court of Warren county, on a charge of murder, whereof he was convicted and sentenced, brings his case to this court for review.

The errors assigned are based upon defects in the record, and are as follows: 1. That the grand jury was not legally organized; 2. That the record does not show that the plaintiff in error was present in court during the several stages of the trial; 3. That the record does not show that the accused was asked before sentence, if he had anything to say why sentence of death should not be pronounced against him, and for other reasons, &c.

The record in this case is certainly very defective, and the verdict can be sustained only by constructions and intendments which ought not to be indulged in a criminal case, involving the life of a party.

From the organization of the court, on the 9th day of November, 1869, to the 24th day of the same month, on which day the indictment was filed, no intermediate date is given as to any of the orders or transactions of the court in reference to this case. The trial being postponed, the record states that the court again convened on the 14th day of February, 1870. In this case a special *venire* was called, jurors fined, a motion to quash the indictment was overruled, a trial had, a motion for a new trial overruled, a motion in arrest of judgment denied, and sentence pronounced, without showing the date of those proceedings, all of which occurred between the opening of the court on the 14th day of February and the 5th day of March, 1870, when the bill of exceptions was signed.

Without giving the date of the order, it is stated by the record, that. " It appearing to the court that no grand jury has been selected by the board of police for the present term of this court, it is ordered, in accordance with the statute in such cases, that the sheriff of the county do select and summon from the county aforesaid twenty good and lawful men thereof, householders and freeholders thereof, and citizens of the United States, to be and appear here before this court, *instanter*, then and there to serve as grand jurors for the November term A. D. 1869 of this court." It is then stated that " Thereupon, in obedience to said command aforesaid, the sheriff aforesaid summoned the following good and lawful men of his county, to wit: A. H. Arthur, foreman," and nineteen others, whose names are

given. The next statement is that three of the persons so summoned were excused from service on the grand jury.

Then follows this entry: "This day the grand jury duly empaneled and sworn for the present term of this court. Thereupon their foreman, A. H. Arthur, Esq., returned into court here several indictments, each indorsed thereon 'A true bill,'" &c. Then this: "Among said indictments was the following, in words and figures as follows." The indictment being given, the clerk certifies it to have been filed November 24, 1869. It will be seen that, except by a forced construction and liberal intendments, the grand jury was not duly empaneled. It is stated, by way of recital, that it had been previously done; but there is no direct statement of the organization of the grand jury on the day when it occurred. A literal reading of the record shows the indictment to have been presented by the foreman and not by the grand jury through him.

On a day not given, the record states that "This day came the district attorney, for and on behalf of the state, as well as the said defendant by his attorneys, and the said defendant by his attorneys moves the court to quash the indictment herein," but the grounds of this motion are not shown, and it was overruled. Then follows an entry of the trial, and at its conclusion it is added, "And the said defendant is remanded to jail."

If these occurrences all transpired on the same day, it is possible the accused was in court when the motion to quash the indictment was submitted, though the record asserts affirmatively that he appeared on that occasion by counsel. As it is altogether probable the trial occupied several days, the entry at its termination that the defendant was remanded to jail cannot cure the defect.

The record of the motion in arrest of judgment states it to have been made by attorney, without any entry upon which to found even a forced presumption of the presence of the prisoner in court.

The record also wholly neglects to show that before sentence the accused was asked if he had anything to say why sentence of death should not be pronounced upon him, which we have held in another case at this term should appear, though this

alone does not entitle the party to a new trial. A bill of exceptions appears to the refusal of the court to arrest the judgment, but no testimony is sent up.

We are unwilling, in a case of life and death, to sustain a verdict upon a record so full of defects as this, requiring, as it does, in all its parts, constructions, and intendments, directly contrary to the ordinary and literal meaning of the language used. In criminal cases the record should leave as little as possible to construction and presumption, because in such cases there is little that is not matter of substance. We have reached the conclusion to send the case back for a new trial.

The judgment is therefore reversed, the cause remanded, and a *venire de novo* awarded.